UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7456 CAS (RCx) | Date | December 30, 2008 |
|---|---|---|---|
| Title | FRANCISCO BECERRIL V. RECONTRUST COMPANY ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | NOT PRESENT | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| NOT PRESENT | NOT PRESENT |

**Proceedings:**   (In Chambers): **DEFENDANT'S MOTION TO DISMISS COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT** (filed 12/2/08)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of January 5, 2008, is hereby vacated, and the matter is hereby taken under submission.

**I.   INTRODUCTION**

On July 17, 2008, plaintiff, Francisco Becerril, filed a complaint in Riverside County Superior Court against defendants ReconTrust Company, N.A. ("ReconTrust"), erroneously sued as Recontrust Company, and unnamed Doe defendants alleging that defendants wrongfully attempted to foreclose his property, located at 8321 Decosta Avenue, Whittier, California 90606. Specifically, plaintiff alleges that defendants violated (1) the Fair Debt Collections Act, 15 U.S.C. § 1692 *et. seq.*; (2) the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601-2617; (3) the Home Ownership and Equity Protection Act, 15 U.S.C. § 1637; (4) the Truth in Lending Act, 15 U.S.C. § 1601 *et. seq.*; (5) Regulation Z, 12 C.F.R. § 226 *et seq.*; (6) the Federal Trade Commission Act, 15 U.S.C. §§ 41-58; (7) the Racketeer Influenced and Corrupt Organizations law, 18 U.S.C. § 1961 *et seq.*; and (8) California's Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 (e)-(f). Plaintiff has also recorded a lis pendens on the property. On August 5, 2008, plaintiff faxed a copy of his complaint to defendant, but failed to effect proper service. On November 12, 2008, defendant removed this action to this Court.

On December 2, 2008, defendant ReconTrust filed the instant motion to dismiss plaintiff's complaint or, in the alternative, for a more definite statement. On December

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7456 CAS (RCx) | Date | December 30, 2008 |
|---|---|---|---|
| Title | FRANCISCO BECERRIL V. RECONTRUST COMPANY ET AL | | |

23, 2008, plaintiff filed a non-opposition and requested leave to amend. After carefully considering the parties' arguments, the Court finds and concludes as follows.

## II.     LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7456 CAS (RCx) | Date | December 30, 2008 |
|---|---|---|---|
| Title | FRANCISCO BECERRIL V. RECONTRUST COMPANY ET AL | | |

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III.    DISCUSSION

Defendant argues that plaintiff's claims should be dismissed because its actions were in accordance with applicable law and plaintiff's deed of trust. Mot. at 6. Defendant further argues that plaintiff's claims are based on conclusory and unsubstantiated allegations. Id. at 7. Moreover, defendant argues that plaintiff's claims should be dismissed because plaintiff has not tendered the amounts owed on the loan. Id. at 9.

Defendant further argues that if the Court grants its motion to dismiss, the Court should expunge the lis pendens, pursuant to Cal. Code Civ. P. §§ 405.31 and 405.32, because plaintiff does not plead a valid "real property claim."

Plaintiff requests that the Court grant defendant's motion to dismiss without prejudice and grant him twenty days leave to amend his complaint.

Under section 405.32, a court shall order that a notice of lis pendens "be expunged if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim." Cal. Code Civ. P. § 405.32. Section 405.32 requires trial court judges to "forecast, at some point before trial, the 'probable' outcome in the trial court." Mix v. Superior Court, 124 Cal. App. 4th 987, 995 (2004).

The Court concludes that plaintiff's complaint should be dismissed without prejudice. Plaintiff may amend his complaint once "as a matter of course" because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7456 CAS (RCx) | Date | December 30, 2008 |
|---|---|---|---|
| Title | FRANCISCO BECERRIL V. RECONTRUST COMPANY ET AL | | |

defendant has not filed a responsive pleading. Fed. R. Civ. P. 15(a)(1). Furthermore, the Court declines to expunge plaintiff's lis pendens at this stage. The Court will be better able to determine whether plaintiff has "established by a preponderance of the evidence the probable validity of [his] real property claim" after reviewing his amended complaint.

## IV.  CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS defendant's motion to dismiss without prejudice. Plaintiff shall file an amended complaint within 20 days after the filing of this order.

IT IS SO ORDERED.

| | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |